# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDIA D. DIPRINZIO, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 04-872 |
| | : | |
| MBNA AMERICA BANK, N.A., | : | |
| | : | (Smith, J.) |
| Defendant. | : | |
| _____ | : | |

## DEFENDANT MBNA AMERICA BANK, N.A.'S
## AMENDED PROPOSED JURY INSTRUCTIONS

      Defendant MBNA America Bank, N.A. hereby requests that the following

instructions be included in this Court's charge to the jury.[1]  MBNA reserves the right to

supplement these instructions at the close of the evidence offered at trial.

                                       Respectfully submitted,

Dated: September 12, 2005         /s/ Karl S. Myers (VSC # KSM2012)
                                    Paul M. Hummer, Esquire
                                    Karl S. Myers, Esquire
                                    Pa. Id. Nos. 46413 & 90307
                                    SAUL EWING LLP
                                    Centre Square West
                                    1500 Market Street, 38th Floor
                                    Philadelphia, PA  19102
                                    (215) 972-7777
                                    *Attorneys for Defendant*
                                    *MBNA America Bank, N.A.*

---

[1]      Defendant's Proposed Jury Instructions are "Amended" because a prior version was submitted to the Court when the matter was pending before Judge Ludwig.  This Amended version accounts for the Court's dismissal of Count III of the Complaint and Plaintiff's voluntary dismissal of Counts II and V, and also accounts for Defendant's requested bifurcation of Plaintiff's punitive damages claims.

## ROLE OF THE COURT/JURY

Now that you have heard the evidence and the argument, it is my duty to instruct you as to the law applicable to this case.

It is your duty as jurors to follow the law as I will state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone; rather, you must consider the instructions as a whole as stating the law. You also must not be concerned with the wisdom of any rule of law that I state.

The parties' attorneys have referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by the attorneys and that stated by me in these instructions, you must, of course, follow my instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case. It is not my function to determine the facts. That job belongs to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the plaintiff and the response of the defendant. You must perform this duty without bias or prejudice against either party. The law does not permit you to be governed by sympathy, prejudice or public opinion. The parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Devitt, Blackmar & Wolff, FEDERAL JURY PRACTICE & INSTRUCTIONS, § 71.01 (4th ed 1987); Modern Federal Jury Instructions-Civil 71-2.

**<u>ROLE OF THE JURY</u>**

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you. That is how you will reach your verdict.

As the jury in this case, you and only you will be the judges of the facts. You will have to decide what happened.

I play no part in judging the facts. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal rules that must guide you in your decisions on the facts.

You are to judge the facts in this case solely based upon the evidence presented to you. This evidence will consist of the testimony of witnesses, the exhibits marked into evidence, and any material that we read to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Modern Federal Jury Instructions-Civil 71-3; Pa. SSJI (Civ) 1.34.

## **GENDER OR AGE**

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' gender or age.

The parties in this case are entitled to a trial free from prejudice.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Modern Federal Jury Instructions-Civil 71-9.

## <u>SYMPATHY</u>

You are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Modern Federal Jury Instructions-Civil 71-10 (citing <u>Edwards v. City of Phila.</u>, 860 F.2d 568 (3d Cir. 1988)).

## CORPORATE PARTIES

The fact that the Plaintiff is an individual and the Defendant is a corporation must not enter into or affect your verdict. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar standings in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Greiner v. Volkswagenwerk Aktiengesellerschaft, 540 F.2d 85, 100 (3d Cir. 1976); Modern Federal Jury Instructions-Civil 72-1.

# BURDEN OF PROOF – IN GENERAL

This is a civil case. The plaintiff has the burden of proving the allegations of her complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried her burden on each point on which she has the burden of proof, then you must find for the plaintiff on her claims. But if you find the evidence and testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain her burden and you must find for the defendant.

If upon a consideration of all the facts on the issue of the defendant's negligence you find that the plaintiff has failed to sustain her burden, then you proceed no further and your verdict must be for the defendant.

Modern Federal Jury Instructions-Civil 73-1.

## BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

The party with the burden of proof on an issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party who has the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties--that it is equally probable that one side is right as it is that the other side is right--then you must decide that issue against the party having this burden of proof. On the other hand, the party with the burden of proof need prove no more than a preponderance.

Modern Federal Jury Instructions-Civil 73-2 (citing Porter v. American Export Lines, Inc., 387 F.2d 409 (3d Cir. 1968); Virgin Islands Labor Union v. Caribe Construction Co., 343 F.2d 364 (3d Cir. 1965); Burch v. Reading Co., 240 F.2d 574 (3d Cir. 1957).

## EVIDENCE – IN GENERAL

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their closing summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, your recollection controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court. To constitute evidence, exhibits must be received in evidence.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Modern Federal Jury Instructions-Civil 74-1 (citing <u>Sims v. Greene</u>, 161 F.2d 87 (3d Cir. 1947)).

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his or her own senses--something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Here is a simple example of circumstantial evidence. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. The law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

Modern Federal Jury Instructions-Civil 74-2 (citing <u>Rumsey v. Great Atlantic and Pacific Co.</u>, 408 F.2d 89 (3d Cir. 1968); <u>Bhaya v. Westinghouse Elec. Corp.</u>, 922 F.2d 184, 195 (3d Cir. 1990).

## FAIR CREDIT REPORTING ACT
## DUTY OF FURNISHER GENERALLY -- 15 U.S.C. § 1681s-2(b)(1)

The plaintiff in this case has claimed that the defendant violated the Fair Credit Reporting Act. Under the Act, when an individual notifies a consumer reporting agency of a dispute regarding the accuracy of information contained in that consumer's credit report, the agency must investigate the disputed information. As part of its investigation, the agency must notify the furnisher of the credit information of the dispute. Only upon notification of the dispute is a credit furnisher such as the defendant required to conduct an investigation regarding the dispute and to report its findings accordingly.

In this case, the plaintiff must show that, upon notification of a credit dispute from a consumer reporting agency:

(A) The defendant was negligent in failing to conduct an investigation with respect to the disputed information;

(B) The defendant was negligent in failing to review all relevant information provided by the consumer reporting agency;

(C) The defendant was negligent in failing to report the results of the investigation to the consumer reporting agency; or

(D) If the investigation finds that the information is incomplete or inaccurate, that the defendant was negligent in failing to report the results to the other two consumer reporting agencies to which the defendant furnished the information.

If you find that the defendant complied with these requirements, then you must find for the defendant as to plaintiff's claim under the Fair Credit Reporting Act.

15 U.S.C. § 1681s-2(b)(1) & § 1681(o); Evantash v. G.E. Capital Mortg. Services, Inc., 2003 WL 22844198, *6 (E.D. Pa. 2003).

# **FAIR CREDIT REPORTING ACT**
## **NEGLIGENCE -- 15 U.S.C. § 1681o(a)**

Under the Fair Credit Reporting Act, the plaintiff must show that the defendant was "negligent" in failing to comply with that law. The plaintiff has the burden of proving negligence.

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

If you find that the defendant was not negligent, then you must find for the defendant as to plaintiff's claim under the Act.

15 U.S.C. § 1681o(a); Pa. SSJI (Civ) 3.01; Pa. SSJI (Civ) 3.00; Pa. SSJI (Civ) 1.42; Pa. SSJI (Civ) 5.50.

# FAIR CREDIT REPORTING ACT
## DUTY OF INVESTIGATION -- 15 U.S.C. § 1681s-2(b)(1)(A)

Under the Fair Credit Reporting Act, the defendant was required to conduct an investigation with respect to the disputed information concerning the plaintiff. As I told you before, the defendant was only required to start its investigation once it received notification of the plaintiff's credit dispute from a consumer reporting agency. The defendant was required to conduct a "reasonable" investigation.

The obligation of a "reasonable" investigation under the Act does not mean that the defendant had to take extraordinary means to investigate and discover disputed information. The defendant was not required to contact the plaintiff or go beyond a verification of the information provided by the consumer reporting agency. All that the defendant was required to do was determine that the information provided to it by the agency matched the information in its records.

15 U.S.C. § 1681s-2(b)(1)(A); Evantash v. G.E. Capital Mortg. Services, Inc., 2003 WL 22844198, *6 (E.D. Pa. 2003) (under FCRA, "furnishers of credit are required to conduct a reasonable investigation"); Farren v. RJM Acquisition Funding, LLC, 2005 WL 1799413, *6 (E.D. Pa. July 26, 2005) (in light of lack of Third Circuit precedent, relying on Westra v. Credit Control Of Pinellas, 409 F.3d 825 (7th Cir. 2005), which addresses the question of reasonableness of investigations by credit furnishers and "explicitly rejects the argument that a data furnisher needs to contact every debtor disputing a debt or go beyond a verification of the relevant information provided"), and at *7 ("The statute does not require [defendant] or any data furnisher to take extraordinary means to investigate and discover disputed information but rather calls for a more passive investigation where the data furnisher is determining only that the information provided to it matches the information in its records. The Court will not impose duties upon a data furnisher that Congress did not see fit to impose.").

**FAIR CREDIT REPORTING ACT**
**CAUTIONARY INSTRUCTION – TIME OF DUTY OF INVESTIGATION –**
**15 U.S.C. § 1681s-2(b)**

Although the Fair Credit Reporting Act imposes a duty of investigation and

reporting on the defendant, this duty does not begin until a consumer reporting agency

notifies a furnisher, such as the defendant, that the consumer is disputing information in

his or her credit file.  In this case, your duty is to determine whether the defendant

complied with the Act after receiving notice of the plaintiff's dispute from a consumer

reporting agency.


15 U.S.C. § 1681s-2(b); Evantash v. G.E. Capital Mortg. Services, Inc., 2003 WL
22844198, *7 (E.D. Pa. 2003) ("After receiving notice of the dispute from [the reporting
agency], [the furnisher's] duty under Section 1681s-2(b) was triggered.  Section 1681s-
2(b), unlike Section 1681s-2(a), may form the basis for a private cause of action where,
as here, 'the plaintiff shows that the furnisher 'received notice from a consumer reporting
agency,' as opposed to the plaintiff alone, 'that the credit information is disputed.'"
(citations omitted)).

# FAIR CREDIT REPORTING ACT
## CAUTIONARY INSTRUCTION – INACCURACY AND DIRECT NOTIFICATION BY CONSUMER -- 15 U.S.C. § 1681s-2(b)

The Fair Credit Reporting Act does not provide for liability for either the actual act of reporting of inaccurate information or for liability for failing to properly respond to direct inquiries from consumers about the accuracy of the information reported.

Rather, the furnisher of the credit information, upon notification from a consumer reporting agency of notification of the dispute, must conduct an investigation regarding the dispute and report its findings accordingly. If you find that the defendant, upon notification of a dispute from a consumer reporting agency, conducted a reasonable investigation and properly reported the results of that investigation, then you must find for the defendant as to plaintiff's claim under the Fair Credit Reporting Act.

15 U.S.C. § 1681s-2(a), (b), (c), & (d); Evantash v. G.E. Capital Mortg. Services, Inc., 2003 WL 22844198, *7 (E.D. Pa. 2003) ("[t]here is no private right of action for a violation of Section 1681s-2(a)"); Sheffer v. Experian Information Solutions, Inc., 249 F. Supp. 2d 560, 562 (E.D. Pa. 2003) ("the negative inference of *explicitly precluding a consumer's right of action for violations of § 1681s-2(a)* is that they are preserved in § 1681s-2(b)" (emphasis added)); Fino v. Key Bank of New York, 2001 WL 849700, *3-*7 (W.D. Pa. July 27, 2001) (extensively explaining same; cited by court in Evantash).

## FAIR CREDIT REPORTING ACT
## PROXIMATE CAUSE

Under the Fair Credit Reporting Act, you may only find for the plaintiff for harm "proximately" caused by the defendant. This means that there must be a connection between the conduct of the defendant and the harm to the plaintiff. The harm the plaintiff suffered must have been a natural and probable result of the defendant's conduct.

Accordingly, if you find that the harm suffered by the plaintiff was proximately caused by a third party, and not by the defendant, then you must find in favor of the defendant.

Philbin v. Trans Union, 101 F.3d 957 (3d Cir. 1996).

# NEGLIGENCE
## GENERALLY

The plaintiff in this case has claimed that the defendant was negligent.

The plaintiff claims that she was injured and sustained damage as a result of the conduct of the defendant. The plaintiff has the burden of proving her claim. To prevail on her claim, the plaintiff must show that the defendant furnished false information to the credit reporting agencies with malice or willful intent to injure the plaintiff.

To prove willfulness, the plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for her rights. To prove malice, the plaintiff must show that the defendant made a statement that the defendant knew was false or that the defendant was reckless with regard to the truth of its statement.

The defendant denies the plaintiff's claim and asserts as a defense that the plaintiff was negligent and that such negligence was a factual cause in bringing about the plaintiff's injuries. The defendant has the burden of proving this defense.

Based upon the evidence presented at this trial, you must decide:

First: Did the plaintiff show that the defendant furnished false information to the credit reporting agencies with malice or willful intent to injure the plaintiff?

Second: Was the defendant's conduct a factual cause in bringing about harm to the plaintiff?

Third: Was the plaintiff herself negligent and was such negligence a factual cause in bringing about the plaintiff's injury?

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

In order for the conduct of a party to be a factual cause, the conduct must not be fanciful or imaginary, but must have played a real role in causing the injury. Therefore, in determining factual cause, you must decide whether the conduct of the defendant was more than an insignificant factor in bringing about any harm to the plaintiff.

If you find that the defendant did not furnish false information with malice or willful intent to injure the plaintiff, or was not a factual cause of the harm, then you must find for the defendant.

Pa. SSJI (Civ) 3.00; 15 U.S.C. § 1681h(e); <u>Farren v. RJM Acquisition Funding, LLC</u>, 2005 WL 1799413, *5, *8 (E.D. Pa. July 26, 2005) (common law claims preempted by FCRA except to the extent the furnisher's acts were willful).

## NEGLIGENCE
## DEFINED

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here.  Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.  In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful person would act in those circumstances.

Pa. SSJI (Civ) 3.01.

# NEGLIGENCE
## CONTRIBUTORY NEGLIGENCE

The defendant claims that the plaintiff was contributorily negligent.  Contributory negligence is negligence on the part of a plaintiff that is a factual cause of the plaintiff's injury.  The defendant has the burden of proving contributory negligence by a fair preponderance of the credible evidence.  You must determine whether the defendant has proven that the plaintiff, under all the circumstances present, failed to use reasonable care for her own protection.

In this case, the defendant alleges that the plaintiff was negligent in failing to close the MBNA account or otherwise remove herself from that account before her husband made a cash advance on the account.

Even if you find that the plaintiff was negligent, you must also determine whether the defendant has proven that the plaintiff's conduct was a legal cause in bringing about the plaintiff's injury.  In determining legal cause, you will refer to my previous instruction.

Pa. SSJI (Civ) 3.03.

## NEGLIGENCE
## FACTUAL CAUSE

To prove her negligence claim, the plaintiff must prove to you that the defendant's conduct caused the plaintiff's damages. And to prove its contributory negligence claim, the defendant must prove to you that the plaintiff's conduct caused the plaintiff's damages. This is referred to as "factual cause."

Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. An act is a factual cause of an outcome if, in the absence of the act, the outcome would not have occurred.

Remember, a factual cause is an actual, real factor, although the result may be unusual or unexpected. A factual cause can not be an imaginary or fanciful factor having no connection or only a significant connection with the injury. Although a factual cause can not be minimal or insignificant with regard to the injury, it can be relatively minor in relation to other factors and need not be quantified as being either considerable or large.

Pa. SSJI (Civ) 3.25.

# NEGLIGENCE
## COMPARATIVE NEGLIGENCE

I have already instructed you about what you may consider in determining whether the defendant furnished false information with malice or willful intent to injure the plaintiff, whether the plaintiff was contributorily negligent, and whether that conduct was a factual cause in bringing about the plaintiff's harm. If you find, in accordance with these instructions, that the defendant furnished false information with malice or willful intent to injure the plaintiff and such was a factual cause in bringing about the plaintiff's harm, you must then consider whether the plaintiff was contributorily negligent. If you find that the plaintiff was contributorily negligent and such contributory negligence was a factual cause in bringing about her harm, then you must apply the Comparative Negligence Act, which provides as follows.

The fact that a plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff where such negligence was not greater than that causal negligence of the defendant against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

Under this act, if you find that the defendant furnished false information with malice or willful intent to injure the plaintiff and you find that the plaintiff was causally negligent, it is your duty to apportion the relative degree of causation between the defendant and the plaintiff. In apportioning you should use your common sense and experience to arrive at a result that is fair and reasonable under the facts of this case as you have determined them from the evidence.

If you find that the plaintiff's causal negligence was greater than the causation of the defendant, then the plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the plaintiff's causal negligence was equal to or less than the causation of the defendant, then you must set forth the percentages of causation attributable to the plaintiff and the percentage of causation attributable to the defendant. The total of these percentages must be 100 percent. You will then determine the total amount of damages to which the plaintiff would be entitled if she had not been contributorily negligent; in other words, in finding the amount of damages, you should not consider the degree, if any, of the plaintiff's fault. After you return your verdict, the court will reduce the amount of damages you have found in proportion to the amount of causal negligence you have attributed to the plaintiff. You are not to make this reduction yourselves in reaching the amount of the plaintiff's damages.

Pa. SSJI (Civ) 3.03A; 15 U.S.C. § 1681h(e).

## JOINT CREDIT CARD ACCOUNT WITH A FORMER SPOUSE

Under the law, the plaintiff was liable for all the charges incurred on the joint

MBNA credit card account held with her former husband, Richard Previdi, including the

$15,000 cash advance taken after the plaintiff and Mr. Previdi separated.


Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993)
(citing Morrison v. American Sur. Co., 224 Pa. 41, 73 A. 10, 11 (1909)) (co-signers or
co-obligors on a contract are jointly and severally responsible where the agreement
evidences such intent); see State Savings Bank v. Watts, 1997 WL 101658, *1-*2 (Ohio
App. 10th Dist. 1997) (holding defendant liable for debt on joint credit card because she
was a co-applicant on the account with her former husband); FCC Nat'l Bank v. Blake,
1992 WL 379378, *2 (Ohio App. 12th Dist. 1992) (same).

## STIPULATION OF FACTS

A stipulation of facts is an agreement among the parties that a certain fact is true.

You must regard any such agreed facts as true.

Modern Federal Jury Instructions-Civil 74-4.

# WITNESS CREDIBILITY

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor--that is, his or her behavior, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, his or her candor or lack of candor, his or her intelligence, the reasonableness and probability of his or her testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Modern Federal Jury Instructions-Civil 76-1.

## **BIAS**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Modern Federal Jury Instructions-Civil 76-2.

## <u>INTEREST IN OUTCOME</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his or her testimony.

Modern Federal Jury Instructions-Civil 76-3.

# DISCREPANCIES IN TESTIMONY

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his or her testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict him- or herself. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Modern Federal Jury Instructions-Civil 76-4.

## INJURY ALONE DOES NOT PROVE LIABILITY

The mere occurrence of harm to the plaintiff does not prove negligence or other

illegal conduct by the defendant and does not prove the defendant's liability.

Pa. Proposed Points for Jury Instruction – Civil, at p. 73 n.27 (citing <u>Hamil v. Bashline</u>, 392 A.2d 1280 (Pa. 1980)).

## CONSIDER DAMAGES ONLY IF NECESSARY

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

Modern Federal Jury Instructions-Civil 77-1 (citing Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970)).

## **MULTIPLE CLAIMS**

You should not award compensatory damages more than once for the same injury. For example, if the plaintiff were to prevail on two claims and establish a one dollar injury, you could not award her one dollar of compensatory damages for each claim--she is only entitled to recover what she lost.

Modern Federal Jury Instructions-Civil 77-2.

# COMPENSATORY DAMAGES

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights.  If you find that the defendant is liable on the claim, as I have explained it, then you must award the plaintiff sufficient damages to compensate her for any injury caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole--that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were caused by a defendant's allegedly wrongful conduct.  The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

Modern Federal Jury Instructions-Civil 77-3 (citing Advent Systems, Ltd. v. Unisys Corp., 925 F.2d 670 (3d Cir. 1991)); 15 U.S.C. § 1681o(a)(1).

# NO PUNITIVE DAMAGES – DIRECTED VERDICT

I find, as a matter of law, that the plaintiff is not entitled to recover punitive damages in this case. You must therefore not award any damages to punish the defendant for any conduct alleged by the plaintiff.

Modern Federal Jury Instructions-Civil 77-5 (comment) ("The substantive standard for granting punitive damages discussed in the recommended instruction is that the conduct was malicious and reckless."); Cushman v. Trans Union Corp., 115 F.3d 220, 226-27 (3d Cir. 1997) ("To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] 'knowingly and intentionally committed an act in conscious disregard for the rights of others,' . . . . [W]e conclude that to justify an award of punitive damages [under FCRA], a defendant's actions must be on the same order as willful concealments or misrepresentations."); Pa. SSJI (Civ) 14.00 (note) (citing Chambers v. Montgomery, 192 A.2d 355 (Pa. 1963) as approving of the following from the Restatement: "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others. . . .").

## NO PUNITIVE DAMAGES -- BIFURCATION

The plaintiff is not entitled to recover punitive damages in this case. You must therefore not award any damages to punish the defendant for any conduct alleged by the plaintiff.

## **NOMINAL DAMAGES**

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages."  "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of rights, without any resulting financial damage.

You may also award nominal damages if, upon finding that some injury resulted from an unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either she was measurably injured, in which case you must award compensatory damages, or else she was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.


Modern Federal Jury Instructions-Civil 77-6 (citing Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970)).

# MITIGATION OF DAMAGES

You are instructed that any person who claims damages as a result of an alleged illegal act has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he or she may have to prevent the aggravation of his or her injuries, so as to reduce or minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through such reasonable effort.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

For example, if you find that the plaintiff could have reduced her damages by either closing or removing herself from the MBNA credit card account before her former husband took a cash advance on that credit card, then you must deny recovery for those damages that she would have avoided had she done so.

Bear in mind that the question whether the plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the

case, using sound discretion in deciding whether the defendant has satisfied its burden of proving that the plaintiff's conduct was not reasonable.

Modern Federal Jury Instructions-Civil 77-7.

## <u>CAUTIONARY INSTRUCTION – FUTURE DAMAGES</u>

As to alleged future damages, you are not permitted to estimate damages on the basis of mere conjecture or speculation as to what might occur in the future.  If you believe you are being asked to award future damages based on mere conjecture or speculation as to what might occur, you can decide not to award any such damages.

<u>Stewart Aviation Co. v. Piper Aircraft Corp.</u>, 372 F. Supp. 876 (M.D. Pa. 1974)

## RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that you be allowed to see them. If you want any of the testimony read to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony and any other communication with the court should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Modern Federal Jury Instructions-Civil 78-1.

## DUTY TO DELIBERATE -- UNANIMOUS VERDICT

You will now return to decide the case. In order to prevail, the plaintiff must sustain her burden of proof as I have explained to you with respect to each element.  If you find that the plaintiff has succeeded, you should return a verdict in her favor on that claim.  If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Modern Federal Jury Instructions-Civil 78-3 (citing Masino v. Outboard Marine Corp., 88 F.R.D. 251, 255 (E.D. Pa. 1980), aff'd, 652 F.2d 330 (3d Cir. 1981)).

## <u>REACHING AGREEMENT</u>

This case is important for the plaintiff and for the defendant.  Both parties, as well as the court, have expended a great deal of time, effort and resources in seeking a resolution of this dispute.

It is desirable if a verdict can be reached, but your verdict must represent the conscientious judgment of each juror.

While you may have honest differences of opinion with your fellow jurors during the deliberations, each of you should seriously consider the arguments and opinions of the other jurors.  Do not hesitate to change your opinion if, after discussion of the issues and consideration of the facts and evidence in this case, you are persuaded that your initial position is incorrect.  However, I emphasize that no juror should vote for a verdict unless it represents his conscientious judgment.

Modern Federal Jury Instructions-Civil 78-4 (citing <u>Petrole v. George A. Fetter, Inc.</u>, 411 F.2d 5, 8-9 (3d Cir. 1969); <u>Weinell v. McKeesport Connecting Railroad Co.</u>, 411 F.2d 510, 514 (3d Cir. 1969); <u>United States v. Fioravanti</u>, 412 F.2d 407, 420 (3d Cir.)).

## **RETURN OF VERDICT**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Modern Federal Jury Instructions-Civil 78-6.

## GENERAL VERDICT ACCOMPANIED BY ANSWERS TO INTERROGATORIES

I have prepared two forms for you to use in recording your decisions. The first is a general verdict form. On this form, there are spaces to indicate your verdict on the plaintiff's claim against the defendant.

The second form contains interrogatories or written questions about some of the issues in this case. These questions are to be answered "yes" or "no." You should answer every question on this second form except where the form indicates otherwise.

Your general verdict and your answers to the special questions must be unanimous and must reflect the conscientious judgment of each juror.

Modern Federal Jury Instructions-Civil 78-8.

## **SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

Modern Federal Jury Instructions-Civil 78-9 (citing <u>Millard v. Municipal Sewer Authority</u>, 442 F.2d 539, 541-42 (3d Cir. 1971)).

*[For Use In Bifurcated Punitive Damages Proceeding]*

## NO PUNITIVE DAMAGES – DIRECTED VERDICT

I find, as a matter of law, that the plaintiff is not entitled to recover punitive damages in this case. You must therefore not award any damages to punish the defendant for any conduct alleged by the plaintiff.


Modern Federal Jury Instructions-Civil 77-5 (comment) ("The substantive standard for granting punitive damages discussed in the recommended instruction is that the conduct was malicious and reckless."); Cushman v. Trans Union Corp., 115 F.3d 220, 226-27 (3d Cir. 1997) ("To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] 'knowingly and intentionally committed an act in conscious disregard for the rights of others,' . . . . [W]e conclude that to justify an award of punitive damages [under FCRA], a defendant's actions must be on the same order as willful concealments or misrepresentations."); Pa. SSJI (Civ) 14.00 (note) (citing Chambers v. Montgomery, 192 A.2d 355 (Pa. 1963) as approving of the following from the Restatement: "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others. . . .").

*[For Use In Bifurcated Punitive Damages Proceeding]*

## PUNITIVE DAMAGES

If you should find that the defendant is liable for the plaintiff's injuries, then you have the discretion to award, in addition to compensatory damages, punitive damages. You may award punitive damages if the plaintiff proves that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others.

To justify an award of punitive damages, the defendant's actions in this case must be on the same order as willful concealments or misrepresentations. The plaintiff must prove that the defendant knowingly violated the rights of the plaintiff or acted in reckless disregard of her rights.

The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example in order to deter him or her and others from committing similar acts in the future. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

The awarding of punitive damages is within your discretion--you are not required to award them. Punitive damages are appropriate only for especially shocking and offensive misconduct. If you decide to award punitive damages, you must use sound reason in setting the amount--it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.

Modern Federal Jury Instructions-Civil 77-5; Pa. SSJI (Civ) 14.00; Pa. SSJI (Civ) 14.02; <u>see</u> Modern Federal Jury Instructions-Civil 77-5 (comment) ("The substantive standard for granting punitive damages discussed in the recommended instruction is that the conduct was malicious and reckless."); <u>Cushman v. Trans Union Corp.</u>, 115 F.3d 220, 226-27 (3d Cir. 1997) ("To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] 'knowingly and intentionally committed an act in conscious disregard for the rights of others,' . . . . [W]e conclude that to justify an award of punitive damages [under FCRA], a defendant's actions must be on the same order as willful concealments or misrepresentations."); Pa. SSJI (Civ) 14.00 (note) (citing <u>Chambers v. Montgomery</u>, 192 A.2d 355 (Pa. 1963) as approving of the following from the Restatement: "Punitive damages are awarded only for outrageous conduct, that is, for acts done with a bad motive or with reckless indifference to the interests of others. . . .").

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLAUDIA D. DIPRINZIO, | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 04-872 |
| | : | |
| MBNA AMERICA BANK, N.A., | : | |
| | : | (Smith, J.) |
| Defendant. | : | |
| _____ | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendant MBNA America Bank, N.A.'s Amended Proposed Jury Instructions* was served today upon counsel for the parties by hand delivery, addressed as follows:

John Soumilas, Esquire
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
*Counsel for Plaintiff*


Dated: September 12, 2005                    /s/ Karl S. Myers (VSC # KSM2012)